UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

GEOVANNI MORENO,

　　　　Plaintiff,

　v.

GREYHOUND LINES, INC., VALLEY TRANSIT COMPANY, and DOES 1 through 10, inclusive,

　　　　Defendants.

Case No.: 8:21-CV-01765-CJC(JDEx)

ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO ORANGE COUNTY SUPERIOR COURT [Dkt. 13]

## I. INTRODUCTION & BACKGROUND

On May 26, 2020, Plaintiff Geovanni Moreno filed this action against Defendant Greyhound Lines, Inc. ("Greyhound") alleging personal injury claims in Orange County Superior Court. (Dkt. 1 [Notice of Removal] at 76.) At some point unclear to the Court,

Defendant Valley Transit Company ("Valley Transit") was joined as a defendant in the action. On October 8, 2021, Plaintiff served Valley Transit with a copy of the complaint and summons. (Notice of Removal, Ex. A–C.) On October 22, 2021, Valley Transit removed the action to this Court based on diversity jurisdiction. (*Id.* at 3.) Before the Court is Plaintiff's motion to remand the action. (Dkt. 13 [Motion to Remand, hereinafter "Mot."].) For the following reasons, Plaintiff's motion is **DENIED**.[1]

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and possess "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A civil action brought in state court may only be removed by the defendant if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). Federal district courts have diversity jurisdiction over suits where more than $75,000 is in controversy and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). When a case is removed, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). However, "when a defendant's assertion of the amount in controversy

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for December 13, 2021, at 1:30 p.m. is hereby vacated and off calendar.

is challenged[,] . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* Moreover, "when the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and its underlying assumptions must be reasonable ones." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015).

## III.  DISCUSSION

### A. The One-Year Rule and Consent to Removal

Plaintiff incorrectly argues that removal is improper because one year has passed since the commencement of the present action. (Mot. at 3–4.) The one-year rule prohibits removal of state court actions to federal court after one year has passed when the initial state complaint was not removable. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998). As explained below, the initial complaint was removable on the basis of diversity jurisdiction. Moreover, Valley Transit timely removed the action within 30 days of being served with the Complaint. Though Plaintiff insists otherwise, (Mot. at 3), it was not improper for Greyhound to then consent to removal, despite the fact that Greyhound had declined to remove the action previously. 28 U.S.C. § 1446(b)(2)(C) states plainly, "[i]f defendants are served at different times," which occurred here, "and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *See also Destifino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). Thus, the motion was timely and Greyhound's consent to the removal was not improper.

//

**B. Diversity Jurisdiction**

Defendants have also shown that this Court has diversity subject matter jurisdiction over the action because complete diversity and the amount-in-controversy are both met. 28 U.S.C. § 1332(a). With respect to diversity, Plaintiff is a citizen of California and Greyhound, the only defendant at the time the action was commenced, is incorporated in Delaware with its principal place of business in Texas. Though joined later, Valley Transit is also a diverse party because it is both incorporated and has its principal place of business in Texas.

The amount-in-controversy is a slightly more arduous inquiry because no amount is specified in Plaintiff's initial complaint, or subsequent state court complaints. (Notice of Removal, Exs. D–E.) Since Plaintiff has challenged Defendants' assertion of the amount-in-controversy (Mot. at 4–5), Defendants have the burden to produce evidence that the amount-in-controversy exceeds $75,000 by a preponderance of the evidence. *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 553. Defendant submitted along with its opposition a settlement demand letter from Plaintiff's counsel, in which Plaintiff identifies over $75,000 in medical bills alone. (Dkt. 15-1 [Declaration of Ryan J. Anderson in Support of Opposition to Plaintiff's Motion to Remand] ¶ 2, Exhibit A.) The letter also states that Plaintiff is seeking "a generous award for general damages" in addition to medical expenses. (*Id.*) Indeed, Plaintiff's initial complaint and subsequent complaints make plain that he is seeking general damages, medical expenses incurred, future medical expenses, loss of earnings, future loss of earning capacity, and loss of consortium. (Dkt. 1 at 76.) These damages together will likely exceed $75,000.

Despite this evidence, Plaintiff insists in his Reply that the settlement letter is inadmissible and thus cannot serve as the basis of the Court's determination of the amount-in-controversy. (Dkt. 17 [Reply in Support of Motion to Remand] at 2–3.)

Plaintiff is wrong. While a court *may* consider summary-judgment-like evidence in determining the amount-in-controversy, there is no requirement that it only consider admissible evidence in the analysis. *Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 690 (9th Cir. 2006). The Ninth Circuit has established that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Here, Plaintiff "could have argued that the demand was inflated and not an honest assessment of damages, but he made no attempt to disavow his letter or offer contrary evidence." *Id.* But he did not. Indeed, Plaintiff does not deny or present any evidence that the amount-in-controversy does not exceed $75,000. The Court therefore finds that Defendants have shown by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. Accordingly, the Court has diversity jurisdiction over the action.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

DATED:   December 8, 2021

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE